IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA RHINES                                                                  PLAINTIFF

v.                                            CIVIL ACTION NO. 3:14-CV-136-CWR-FKB

VARIETY WHOLESALERS, INC. d/b/a                         DEFENDANTS
ROSES STORE, CHARLES TURNER,
ET AL.

## ORDER

       This is a premises liability action in which Plaintiff, Angela Rhines, alleges that on June 5, 2013, she sustained severe physical and emotional damages as a result of being robbed at gunpoint in the parking lot of a Roses store located in Jackson, Mississippi. Plaintiff's Amended Complaint includes negligence claims against Variety Wholesalers, Inc. d/b/a Roses Store, Charles Turner, and other alleged Roses employees. *See* Docket No. 11. Plaintiff alleges that Turner was the manager on duty at the time of the incident. Before the Court is Turner's Rule 12(b)(6) Motion to Dismiss, Docket No. 23. Plaintiff has responded. *See* Docket No. 27 (referencing Docket No. 7). Having considered the parties' submissions, the evidence presented, and relevant law, the Court finds that the motion is well-taken and should be granted.

       Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Because evidence has been presented on Turner's Motion to Dismiss, the motion will be treated as a motion for summary judgment.

       Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56.  In support of his motion, Turner has presented evidence that at the time of the incident that gives rise to this action, he was not employed or present at Roses, and that he did not become a Roses employee until months after the incident.  *See* Docket No. 23-1; Docket No. 23-2.  Because the affidavit on which Rhines relies to oppose Turner's motion consists of inadmissible hearsay, *see* Fed. R. Evid. 802, Turner's absence from Roses at the time of the incident is undisputed.[1]  Consequently, Turner's Motion to Dismiss is GRANTED.

Rhines' claims against Turner are hereby dismissed with prejudice.

**SO ORDERED**, this the 23rd day of September, 2014.

        s/ Carlton W. Reeves
        UNITED STATES DISTRICT JUDGE

---

[1] The Affidavit of Calvin Foxworth, an investigator hired by Rhines' counsel, states that in November 2013, Foxworth went to Roses and "spoke to a white male who identified himself as the assistant manager," and that the unidentified man stated that Charles Turner was the manager in charge at the time Rhines was attacked.  Docket No. 7-2.